IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:17-CR-511-D |
| | § | |
| JEREMY GLENN POWELL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Jeremy Glenn Powell's ("Powell's") February 20, 2025 motion to appoint counsel to represent defendant in request for post-conviction relief is granted.

I

In 2018 Powell pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(c). The appropriate sentencing range turned on whether Powell had three prior violent felony convictions. If he did, he faced a minimum fifteen-year term of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). That issue depended on whether Powell's prior Texas robberies—two of which were robbery-by-injury and two of which were robbery-by-threat—were violent felony convictions under the ACCA.

The court initially determined that the ACCA did not apply, but the Fifth Circuit vacated that decision after concluding that Texas robbery is categorically a violent felony

under the ACCA's elements clause. *United States v. Powell*, 785 Fed. Appx. 227 (5th Cir. 2019) (per curiam). Before Powell was resentenced, however, the Supreme Court held that a criminal offense does not qualify as a violent felony under the elements clause of the ACCA if it can be committed with a *mens rea* of recklessness, which the Texas robbery statute allows in the case of a robbery-by-injury. *Borden v. United States*, 593 U.S. 420, 423 (2021) (plurality opinion). In light of *Borden*, the Supreme Court vacated Powell's judgment and remanded the case to the Fifth Circuit. *Powell v. United States*, ____U.S. ___, 141 S. Ct. 2780, 2781 (2021). While that appeal was pending, the Fifth Circuit held in *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022), that the Texas robbery statute is divisible into two crimes—robbery-by-injury and robbery-by-threat—and that robbery-by-threat qualifies as a violent felony under the elements clause. *Id.* at 491. In light of *Garrett*, and concluding that Powell's two robbery-by-threat convictions were violent felonies under the ACCA, the Fifth Circuit remanded Powell's case to this court for resentencing under ACCA. *United States v. Powell*, 2022 WL 413943, at *1-2 (5th Cir. Feb. 10, 2022) (per curiam).

On remand, this court re-sentenced Powell to 189 months' imprisonment and three years of supervised release. [Doc. 65]. Powell appealed, but the Fifth Circuit upheld the judgment, and the Supreme Court denied certiorari. *United States v. Powell*, 78 F.4th 203, 209-10 (5th Cir. 2023); *Powell v. United States*, ___ U.S. ___,144 S. Ct. 1128 (2024).

On November 13, 2024 the Texas Court of Criminal Appeals held that Texas robbery is a single offense. *See Floyd v. State*, ___ S.W.3d ___, 2024 WL 4757855, at *1 (Tex. Crim. App. Nov. 13, 2024). And the Fifth Circuit recently held that *Floyd* "unequivocally

abrogated" *United States v. Garrett.* *See United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025) (per curiam).

Based on these developments, Powell asks this court to appoint counsel to assist him with filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Powell notes that he is within the § 2255 limitations period since his conviction became final on April 1, 2024.

II

Generally, a defendant is not entitled to appointment of counsel in post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), however, a district court may appoint counsel for a § 2255 movant who is financially eligible if the court determines that "the interests of justice so require." *United States v. Davis*, 629 Fed. Appx. 613, 619 (5th Cir. 2015) (per curiam). The decision to appoint counsel is within the discretion of the district court. *Id.*

Powell was deemed indigent in the underlying criminal proceedings and was represented by appointed counsel in this court and before the Fifth Circuit. There is no indication in the record that Powell is no longer indigent. And under the spcific circumstances of this case, including its somewhat complicated procedural history and the complexity of the legal issues, the court finds that the "interests of justice" favor appointing counsel to represent Powell.

* * *

Accordingly, Powell's motion to appoint counsel to represent defendant in request for post-conviction relief is granted, and Jessica Graf, Esquire is appointed to represent Powell in relation to his post-conviction proceedings.

The clerk of the court is directed to serve a copy of this order on Powell and Jessica Graf, Esquire.

**SO ORDERED**.

February 26, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE