IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEREMY GLENN POWELL §
    ID #38703-177, §
        Movant, §
         §
v. § No. 3:25-CV-0781-D
         § No. 3:17-CR-0511-D-1)
UNITED STATES OF AMERICA §
        Respondent. §

## MEMORANDUM OPINION AND ORDER

This matter is before the court on movant Jeremy Glenn Powell's ("Powell's") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The issues have been fully briefed, and the matter is now ripe for ruling. For the following reasons, the court grants Powell's § 2255 motion.

I

In 2018 Powell pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). The appropriate sentencing range turned on whether Powell had three prior violent felony convictions. If he did, he faced a minimum fifteen-year term of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). That issue depended on whether Powell's prior Texas robberies—two of which were robbery-by-injury and two of which were robbery-by-threat—were violent felony convictions under the ACCA.

The court initially determined that the ACCA did not apply, but the Fifth Circuit vacated that decision after concluding that Texas robbery is categorically a violent felony under the ACCA's elements clause. *United States v. Powell*, 785 Fed. Appx. 227 (5th Cir. 2019) (per curiam). Before Powell was resentenced, however, the Supreme Court held that a criminal offense does not qualify as a violent felony under the elements clause of the ACCA if it can be committed

with a *mens rea* of recklessness, which the Texas robbery statute allows in the case of a robbery-by-injury. *Borden v. United States*, 593 U.S. 420, 423 (2021) (plurality opinion). In light of *Borden*, the Supreme Court vacated Powell's judgment and remanded the case to the Fifth Circuit. *Powell v. United States*, ___ U.S. ___, 141 S. Ct. 2780, 2781 (2021). While that appeal was pending, the Fifth Circuit held in *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022), that the Texas robbery statute is divisible into two crimes—robbery-by-injury and robbery-by-threat—and that robbery-by-threat qualifies as a violent felony under the elements clause. *Id.* at 491. In light of *Garrett*, and concluding that Powell's two robbery-by-threat convictions were violent felonies under the ACCA, the Fifth Circuit remanded Powell's case to this court for resentencing under ACCA. *United States v. Powell*, 2022 WL 413943, at *1-2 (5th Cir. Feb. 10, 2022) (per curiam).

On remand, this court resentenced Powell to 189 months' imprisonment and three years of supervised release. Powell appealed, but the Fifth Circuit upheld the judgment, and the Supreme Court denied certiorari. *United States v. Powell*, 78 F.4th 203, 209-10 (5th Cir. 2023); *Powell v. United States*, —— U.S. ——, 144 S. Ct. 1128 (2024).

On November 13, 2024 the Texas Court of Criminal Appeals held that Texas robbery is a single offense. *See Floyd v. State*, ___ S.W.3d ___, 2024 WL 4757855, at *1 (Tex. Crim. App. Nov. 13, 2024). And the Fifth Circuit recently held that *Floyd* "unequivocally abrogated" *United States v. Garrett. See United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025) (per curiam).

Based on these developments, Powell filed the present motion. He argues that Texas robbery no longer qualifies as an ACCA predicate in any form, so his current ACCA sentence exceeds the maximum sentence authorized by law.

On April 1, 2025 the court ordered the government to file an answer or response to Powell's motion.  In its response, the government agrees that Powell "is entitled to resentencing to a non-ACCA sentence" and asks that the court "grant Powell's 2255 motion and resentence him to a term no longer than ten years' imprisonment."  ECF No. 5 at 4.

II

There is no dispute that Powell's prior robbery conviction, although considered a violent felony under the ACCA at the time of resentencing, no longer qualifies as an ACCA predicate. *See id.*  Because without the robbery conviction Powell no longer has three qualifying convictions under the ACCA, his current sentence exceeds the maximum sentence authorized by law.

Accordingly, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is granted, the judgment is vacated, and it is ordered that Powell be resentenced without the ACCA enhancement.

**SO ORDERED**.

January 13, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE